## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 7 |
| | ) | CASE NO. 25-70081 |
| JEFFREY A. SEGOBIANO, | ) | |
| | ) | |
| Debtor. | ) | ADVERSARY CASE NO._____ |
| | ) | |
| | ) | |
| LEGACY CONSTRUCTION | ) | |
| SERVICES, LLC, | ) | |
| Plaintiff. | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| JEFFREY A. SEGOBIANO, | ) | |
| Defendant. | | |

## COMPLAINT

NOW COMES Plaintiff, Legacy Construction Services, LLC (hereinafter "Legacy"), by and through its undersigned counsel, and for its Complaint against Jeff Segobiano (hereinafter "Defendant" or "Segobiano") and states as follows:

## INTRODUCTION

1. This is an adversary proceeding in which Plaintiff is seeking a determination as to whether or not the debt owed by Defendant to Plaintiff can be discharged. The Plaintiff, a creditor, is seeking a determination that its claims against Defendants are non-dischargeable pursuant to 11 U.S.C. §§ 727 and 523(a).

2. This adversary action relates to Segobiano and his construction company, MLB Construction Services, LLC's fraudulent scheme to divert funds obtained for a construction project (hereinafter "the Project") with no intent to repay as agreed.

1

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, Legacy Construction Services, LLC (hereinafter "Legacy"), is a for-profit limited liability corporation in good standing authorized to do business in the State of Ohio.

4. Defendant, Debtor, Jeffrey A. Segobiano (hereinafter "Segobiano" or "Defendant"), is an individual who resides in Normal, Illinois, County of McLean and is the sole owner and representative of MLB Construction Services, LLC (hereinafter "MLB").

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334, and venue is proper in this district.

6. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

**PROCEDURAL POSTURE OF BANKRUPTCY MATTER**

8. On January 30, 2025, Defendant Segobiano filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois.

9. The original meeting of creditors proceeded on February 24, 2025.

10. The second meeting of creditors proceeded on March 31, 2025.

11. As of the date of filing this adversary complaint, Segobiano has not been granted a discharge.

12. This Complaint is timely because it was filed within sixty (60) days of the meeting of creditors.

**FACTUAL ALLEGATIONS**

13. Segobiano, individually and on behalf of MLB, solicited funds from Plaintiff to assist in purchasing materials necessary for the Project.

14. In exchange for the funds, Segobiano, individually and on behalf of MLB, promised to repay the loaned amount of two hundred thousand dollars ($200,000.00) to Legacy on or before July 15, 2023 plus interest at a rate of 8% per annum from July 15, 2023. Plaintiff and Segobiano, individually and on behalf of MLB, memorialized these terms in an executed Promissory and Cognovit Note (the "Note"). A copy of the Note is attached hereto as Exhibit A.

15. On or about April 27, 2023, Plaintiff did provide payment in the amount of two hundred thousand dollars ($200,000.00) to Segobiano individually and on behalf of MLB.

16. Segobiano, individually and on behalf of MLB, received compensation for the materials it purchased with funds from Legacy related to the Project.

17. Segobiano, individually and on behalf of MLB, has not made payment on the Promissory and Cognovit Note.

18. Defendants' failure to make payments despite receiving notice of the failure was a breach of Defendants' contractual obligations under the terms of the Cognovit Note.

19. On April 05, 2024, Plaintiff brought a Complaint in the Cuyahoga County Court of Common Pleas Case No. CV-24-995528 *Legacy Construction Services LLC vs. MLB Construction Services, LLC et al.*, to seek recovery on the Note.

20. On March 14, 2024, the Court of Common Pleas, Cuyahoga County, Ohio entered judgment in favor of Plaintiff by confession in the sum of $200,000.00 plus costs (the "Cuyahoga Judgment"). A copy of the Judgment is attached hereto as Exhibit B.

21. On November 12, 2024, the Cuyahoga Judgment was transferred to the McClean County, Illinois Circuit Court and a Citation was issued on November 22, 2024 ("McClean Judgment")

22. During the February 21, 2025, §341 Meeting of Creditors, Segobiano testified that he changed his income direct deposit to avoid paying Legacy's Citation.

23. Segobiano testified during the March 31, 2025, §341 Meeting of Creditors, that he accepted $37,800.00 deposit in his personal account on October 2, 2024 for the work performed on the Project Legacy loan him money for.

24. Segobiano also testified that some of the $37,800.00 October 2, 2024 payment belong to him personally and the rest to MLB. When asked by the Chapter 7 Trustee how much he paid to MLB, Segobiano responded "I didn't."

25. Also, during the March 31, 2024, §341 Meeting of Creditors, Segobiano testified that his adult son often uses MLB's account(s) and Segobiano's personal account(s) for his own personal expenses in Tampa, Florida. Additionally, Segobiano testified that he pays $2,800.00 per month for his adult daughter's rent.

26. Finally, Segobiano testified on March 31, 2024, that MLB was now defunct and no longer in operation despite owning assets including three vehicles which Segobiano and his family use for personal transportation.

27. Despite the March 2024, Cuyahoga Judgment, the November 2024, McClean Judgment, and the October 2, 2024, $37,800.00 deposit, Legacy still has not received any payment from Segobiano or MLB.

28. Upon information and belief, Segobiano took other steps to hide funds and withhold payments owed to Legacy by Segobiano and MLB.

29. Segobiano's promise to Legacy to repay the funds loaned to purchase materials for the Project was falsely made.

30. Segobiano knew he would never repay Legacy and made the promise to do so with the intent to deceive Legacy.

31. Legacy justifiably believed Segobiano's misrepresentation to repay the loan and relied upon this promise in deciding to loan the funds to Segobiano.

32. Legacy has suffered actual and proximate damages as a result of relying on Segobiano's misrepresentations.

33. Plaintiff asserts that the debt owed by Defendant is not dischargeable pursuant to 11 U.S.C. §§ 727 and 523(a) because the Defendant made material omissions and false statements in his Chapter 7 petition and the debt owed by Defendant to Plaintiff was obtained by fraud.

## FALSE AND OMITTED STATEMENTS OR MISREPRESENTED IN BANKRUPTCY PROCEEDING

34. On January 30, 2025, Segobiano filed his schedule of assets and liabilities and Statement of Financial Affairs ("SOFA") containing numerous mischaracterizations and material omissions throughout.

35. Segobiano signed the Petition for bankruptcy and SOFA on January 30, 2025 under penalties of perjury.

36. A debtor has an affirmative duty to disclose all of his assets and liabilities and to answer fully and truthfully all questions so as to present creditors with a complete and accurate account of his financial condition.

37. During the February 24 and March 31 meeting of the creditors, Legacy discovered that Segobiano made false statement on, and omitted material information from, his bankruptcy schedules and SOFA filed and submitted to this Court on January 30, 2025.

38. For example, Segobiano understates his income on his SOFA and fails to disclose all income he received during the two years prior to filing bankruptcy while at the same time, overstating his monthly expenses.

39. Specifically, in Part 2, Item 4 of the SOFA, Segobiano asserts that he received the following income from employment and operation of business:

- During 2025 (through January 30, 2025):        $13,075.00
- During 2024:                                   $103,466.92
- During 2023:                                   $155,500.00

40. Upon information and belief, during 2024, Segobiano, individually, received payment from the construction project in excess of the original $200,000 debt incurred from Plaintiff.

41. In Part 2, Item 4 of the SOFA, Segobiano asserted that he received $103,466.92 in income during 2024, an amount substantially below the amount paid to Segobiano and MLB for the Project.

42. During the March 31, 2025 Meeting of the Creditors, Segobiano was unable to provide an accurate and complete account of his financial affairs and disclosed significant comingling of funds.

43. Segobiano has failed to provide any justification for his failure to maintain and preserve adequate records from for a reasonable period in the past in which the present financial condition of Segobiano may be ascertained.

44. Upon information and belief, Segobiano also omitted disclosures of income he has received from operating his business, MLB.

6

45. Segobiano's deliberate omission in the SOFA regarding his income is an omission of a material fact.

46. In Part 5, Item 13 of the SOFA, Segobiano states that he did not give any gifts with a total value of more than $600 within 2 years before filing for bankruptcy.

47. Segobiano testified during his §341 Meetings of Creditors that he withheld information and documentation relating to his financial affairs when he failed to disclose a loan or gift in the amount of $4,600.00 to his adult son for monthly payments, repair, and maintenance of his BMW.

48. Segobiano's false characterization of monthly gifts made within 2 years before filing for bankruptcy as an expense is a false oath, made under penalties of perjury.

49. Segobiano's deliberate omission in the SOFA regarding his $4,600.00 loan or gift to his adult son is an omission of a material fact.

50. In Schedule B Part 3, Segobiano further understates the value of numerous personal and household items in his SOFA. More specifically, Segobiano represented his ownership of 3 microwaves, 1 range, 1 refrigerator, 3 couches, 1 recliner, 3 coffee tables, 3 beds, 2 sets of dining room tables, 6 lamps, 5 televisions, 1 washer, 1 dryer, a stereo, 2 computers and printers, a set of Callaway Golf Clubs, the entirety of his clothing collection and his wedding ring, claiming a total value of $925.00.

51. In addition, in Schedule D Part 1, Segobiano lists the value of his property located at 1104 Ironwood CC Dr. Normal Illinois as $289,560.00 despite purchasing the home for roughly the same amount twenty (20) years ago.

52. Despite admitting in the §341 Meetings of Creditors that these statements were not correct, Segobiano has not updated any filings.

53. When beneficial for his claim for discharge, Segobiano understates his income and value of his property while overstating his expenses.

## COUNT I
## EXCEPTION TO DISCHARGE UNDER 11 U.S.C. §523(a)(2)

54. Plaintiff hereby incorporates paragraphs 1 through 53 of this Complaint as if set forth herein.

55. Segobiano, individually and on behalf of MLB, made false representations to Legacy that it would repay $200,000.00 on or before July 15, 2023 plus interest at a rate of 8% per annum from July 15, 2023.

56. Despite receiving payment for work done on the Project using the funds Legacy provided to Segobiano, Segobiano has not made a single payment to Legacy.

57. Segobiano made these false representations to Legacy knowing that he never intended to repay the debt and made them with the intent to deceive Legacy into believing that the debt would be repaid.

58. Legacy justifiably relied upon Segobiano's intentional false representations in deciding to loan Segobiano, individually and on behalf of MLB, $200,000.00.

59. As a result, Legacy has been actually and proximately damaged in the amount of $200,000.00 plus interest at the rate of 8% per annum from July 15, 2023, lost revenue, attorney's fees and court costs and this debt should not be eligible for discharge.

## COUNT II
## DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(a)(4)(A)

60. Plaintiff hereby incorporates paragraphs 1 through 59 of this Complaint as if set forth herein.

61. Segobiano signed his bankruptcy Petition and Schedules under oath and declared under threat of perjury that they were true and correct.

62. Segobiano provided one set of true and correct facts in his petition and schedules.

63. At the beginning of each §341 Meeting of Creditors, Segobiano swore to give testimony that was the truth, the whole truth, and nothing but the truth.

64. Segobiano provided a different set of true facts during his §341 Meetings of Creditors from what he listed as true facts in his Petition and Schedules.

65. Segobiano knew that each set of facts was different and that, at best, only one could be truthful.

66. Despite this knowledge, Segobiano has not provided any new or amended Schedules.

67. Segobiano's conduct was intentionally fraudulent or done with reckless indifference to the truth.

68. The statements Segobiano made in his Petition, Schedules, and §341 Meetings of Creditors relate materially to the bankruptcy case.

69. By reason of the foregoing acts and omissions, particularly the inaccurate Statement of Financial Affairs and Schedules, Segobiano has knowingly and fraudulently made a false oath or account in connection with this case, within the meaning of 11 U.S.C. § 727(a)(4)(A), and should therefore be denied a discharge.

**COUNT III**
**DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)**

70. Plaintiff hereby incorporates paragraphs 1 through 69 of this Complaint as if set forth herein.

71. Section 727(a)(3) places an affirmative duty on a debtor to separately maintain books and records accurately documenting his personal and business affairs.

72. Segobiano failed to keep and preserve sufficient documents regarding his financial condition and the financial condition of his business, MLB, in the years leading up to his bankruptcy filing and admitted to significant comingling of funds between the two.

73. The records are inadequate in that they do not provide Plaintiff with enough information to ascertain Segobiano and his business's financial condition and track the financial dealings with substantial completeness and accuracy.

74. By reason of the foregoing failure to preserve records documenting financial affairs, Segobiano is not entitled to discharge under 11 U.S.C. § 727(a)(3).

**<u>COUNT IV</u>**
**Denial of Discharge for Failing to Satisfactorily Explain Loss of Deficiency of Assets to Meet Defendant's Liabilities under 11 U.S.C. § 727(a)(5)**

75. Plaintiff hereby incorporates paragraphs 1 through 74 of this Complaint as if set forth herein.

76. Segobiano has failed to adequately explain the disposition of the income he received from MLB Construction Services, LLC and/or Related.

77. Segobiano has failed to supply adequate records or provide a satisfactory explanation to justify the nondisclosure or deficiency of the income and/or assets.

78. By reason of the foregoing failure to provide adequate records or a satisfactory explanation, Segobiano is not entitled to discharge under 11 U.S.C. § 727(a)(5).

WHEREFORE, Plaintiff respectfully requests that this Court enters:

A. An order denying discharge of the debt owed to Legacy Construction Services, LLC pursuant to 11 U.S.C. §523(a)(2);

B. An order denying Segobiano's discharge under 11 U.S.C. § 727; and,

10

C. Any and all relief that this Court deemed necessary and appropriate under the circumstances.

Respectfully submitted,

*/s/ Nick A. Nykulak*
Nick A. Nykulak (0075961)
Ross, Brittain & Schonberg Co., L.P.A.
6480 Rockside Woods Blvd. South – Suite 350
Cleveland, Ohio 44131-2547
Tel: 216-447-1551 / Fax: 216-447-1554
nickn@rbslaw.com